UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RONEY JAUWAN ADDISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV424-045 |
| ) | |
| SHEFF JONNY ) | |
| WELTCHER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court previously granted *pro se* plaintiff Roney Jauwan Addison leave to proceed *in forma pauperis*. Doc. 4. He returned the required forms, docs. 6 & 7, but the financial information provided in those forms contradicted the information provided in his initial application. *See* doc. 10 at 1-2. The Court directed him to show cause why his case should not be dismissed because of his apparent misrepresentation. *Id.* at 3. The Court recommended dismissal of his request for immediate release because that relief is not available under § 1983 and dismissal of Chatham County Jail because it is not an entity subject to suit under § 1983. *See id.* at 4-6. Finally, since none of his allegations stated any claim upon which relief could be granted, the

1

Court directed him to submit an amended complaint. *See id.* at 11. He was expressly warned that failure to submit his amendment timely could result in dismissal of his case. *Id.* at 11-12. He has not complied with either of the Court's orders. *See generally* docket.

While the Report and Recommendation was pending, Addison consented to the undersigned's plenary disposition of his case. *See* doc. 11. The Report and Recommendation is, therefore, **VACATED**. Doc. 10. While Addison's request for immediate release and his claims against Chatham County Jail appear to remain fatally defective, his failure to comply with the Court's Orders and to prosecute this case warrant dismissal of the entire case.

A district court retains the inherent power to police its docket and to enforce its orders. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006). Under the Federal Rules of Civil Procedure, a complaint may be dismissed either for failure to prosecute or for failure to comply with an order of the court. Fed. R. Civ. P. 41(b). Additionally, this Court's Local Rules

provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(b), (c). Addison's failure to prosecute this case and failure to respond to the Court's Orders warrant dismissal. Accordingly, his Complaint is **DISMISSED** for failing to obey court orders and failing to prosecute his case. Doc. 1. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED,** this 15th day of May, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA